UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RUBEN ROSADO

      Plaintiff

   - against-

LORD & TAYLOR, INC.,
THE MAY DEPARTMENT STORES COMPANY,
and GLENN DAVIS



      Defendants.
----------------------------------------------------------x

Index No.  05 CV 6823

(LAP)

COMPLAINT

   Plaintiff, by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint, respectfully alleges as follows:

## JURISDICTION AND VENUE

  1. This action is brought pursuant to the Civil Rights Act of 1871, 42 USC § 1981, and to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

  2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief, including front pay, are sought pursuant to the above-referenced statutes.

  3. Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. Jurisdiction of the court is proper under 28 USC 1343(3) and 1343(4) conferring

1

original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, the Declaratory Judgment Statute, 22 USC 2201. Jurisdiction of the claims under the New York State Human Rights Law, the Administrative Code of the City of New York and common law claims is invoked under the principles of pendent jurisdiction.

4. As defendant has its registered offices in the Southern District, venue is proper in this district.

## PARTIES

5. Upon information and belief, Defendant LORD & TAYLOR, INC., (hereinafter "the corporate defendant"), is a corporation, duly authorized to do business in the State of New York.

6. Upon information and belief, Defendant THE MAY DEPARTMENT STORES COMPANY (hereinafter "the corporate defendant"), is a corporation, duly authorized to do business in the State of New York.

7. The above defendants are hereinafter referred to as "the corporate defendant".

8. Upon information and belief, Defendant GLENN DAVIS (hereinafter "Davis"), is a Caucasian American and was at all relevant times an employee of the corporate defendant.

9. Plaintiff resides in the County of Queens, State of New York.

10. Plaintiff is of Puerto Rican origin.

11. Plaintiff has a medical condition diagnosed as Alopecia Universalis.

12. Plaintiff's medical condition is a disability under the HRL and the NYCHRL.

2

13. On or about January 15, 2005, the corporate defendant hired plaintiff as a loss prevention officer.

14. Plaintiff's direct supervisor at was defendant Davis.

15. Defendant Davis and other employees made derogatory, demeaning and discriminatory comments about Puerto Ricans, and otherwise discriminated against plaintiff with respect to his race, national origin, ancestry and/or ethnic characteristics.

16. Defendant Davis and other employees made derogatory, demeaning and discriminatory comments about plaintiff's disability, and otherwise discriminated against plaintiff with respect to his disability.

17. Plaintiff indicated to defendants that the demeaning, derogatory and discriminatory comments were unacceptable and should stop.

18. Defendants did not stop the demeaning, derogatory and discriminatory conduct.

19. In or about March, 2005, defendant Davis hit plaintiff.

20. In or about April, 2005, defendant Davis hit plaintiff.

21. In or about July, 2005, defendant Davis hit plaintiff.

22. On or about, July 21, 2005, defendant Davis used profanity with regard to plaintiff and Puerto Ricans.

23. On or about, July 21, 2005, defendant Davis threatened plaintiff with bodily harm.

24. On or about, July 21, 2005, defendant Davis fired plaintiff.

25. At all relevant times, plaintiff notified defendants about the discriminatory and illegal conduct, and/or the threats and the physical assaults to which plaintiff was subject.

26. At all relevant times, defendants failed to take appropriate action to prevent the

3

discriminatory and illegal conduct.

27. At all relevant times, defendants retaliated against plaintiff in connection with his complaints of discrimination and illegal conduct.

28. By reason of the foregoing, plaintiff was subject to a hostile environment based on his race, ancestry and/or ethnic characteristics and his disability, perceived disability and/or record of disabilty.

29. As a result of defendants' illegal, discriminatory acts and retaliatory acts, including but not limited to those described above, plaintiff has suffered and will continue to suffer monetary damages unless and until this court grants relief.

## FIRST COUNT UNDER 42 USC § 1981

30. Plaintiff repeats, reiterates and realleges each and every allegation contained above with the same force and effect as though set forth fully herein.

31. Defendants' actions in discriminating against plaintiff based on plaintiff's race, ancestry and/or ethnic characteristics were in violation of rights secured by 42 USC § 1981.

32. Plaintiff was subject to a hostile environment, in violation of 42 USC § 1981, in that (1) he suffered intentional discrimination because of his ancestry and/or ethnic characteristics or race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same ancestry and/or ethnic characteristics or race; and (5) the hostile environment was perpetrated by supervisory personnel and otherwise in a manner establishing respondeat superior liability.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and

4

monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

### SECOND COUNT UNDER THE HRL

34. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

35. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on national origin, race and disability within the meaning of the New York State Human Rights Law.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

### THIRD COUNT FOR DISCRIMINATION UNDER THE NYCHRL

37. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

38. The above acts and practices of defendants constitute unlawful discriminatory practices based on national origin, race and disability within the meaning of Section 8-101 et seq. of the Administrative Code of the City of New York.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

### FOURTH COUNT FOR RETALIATION UNDER THE HRL

40. Plaintiff repeats the allegations set forth above with the same force and effect as if

set forth herein.

41. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on retaliation within the meaning of the New York State Human Rights Law.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

FIFTH COUNT FOR RETALIATION UNDER THE NYCHRL

43. Plaintiff repeats all of the allegations set forth above with the same force and effect as if set forth herein.

44. The above acts and practices of defendants constitute unlawful discriminatory practices based on retaliation within the meaning of Section 8-101 et seq. of the New York City Human Rights Law.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants discriminatory practices, unless and until this court grants relief.

SIXTH COUNT AGAINST DEFENDANT DAVIS FOR ASSAULT AND BATTERY

46. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

47. Defendant Davis' intentional threats of bodily harm and intentional touching of plaintiff, without his consent, as described above constituted acts of assault and battery.

48. By reason of the foregoing, plaintiff requests that this Court award him, a money

judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of said defendant's offensive conduct; and for punitive damages as a result of such actions being done with malicious intent.

### SEVENTH COUNT FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PRIMA FACIE TORT AGAINST DEFENDANT DAVIS

49.     Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

50.     Defendant Davis's actions constituted the intentional or negligent infliction of emotional distress and/or prima facie tort.

51.     Plaintiff suffered special damages as a result of his being discharged in the amount of his salary and benefits lost from the time he was constructively discharged on July 21, 2005, and in the amount of $100,000.

52.     By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of said defendant's offensive conduct; and for punitive damages as a result of such actions being done with malicious intent.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1.     Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, attorney's fees, cost and disbursements, and legal interest thereon.

2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of defendants' illegal employment practices and activities, as provided for by the Civil Rights Act, the HRL, the NYCHRL and the common law claims.

3. A money judgment, in an amount to be determined at trial, for punitive damages to the extent that defendant's actions were willful, intentional and malicious.

4. Award plaintiff the cost of this action together with reasonable attorneys' fees, pursuant to the Civil Rights Act and the NYCHRL.

5. Grant plaintiff such other and further relief as to this court appears just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff
BY: _____
Jonathan Weinberger (JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380